IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JIMMY C. FREE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:05cv 1078-T |
| | ) |
| **CITIFINANCIAL CORPORATION, LLC,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant CitiFinancial Corporation, LLC (hereafter "CitiFinancial" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441, 1331, and 1332, as amended, hereby gives notice of the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. In addition to removing this matter, Defendant specifically reserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy, and the right to seek arbitration of the claims of Plaintiff pursuant to 9 U.S.C. § 1, *et seq.* As grounds for this removal, Defendant states as follows:

1. On or about October 4, 2005, Plaintiffs Jimmy C. Free (hereafter "Free" or "Plaintiff") commenced this civil action against Defendant by filing a Complaint in the Circuit Court of Crenshaw County, Alabama, Case No. CV-05-101. The Circuit Court of Crenshaw County, Alabama, is a state court within this judicial district and division.

2. According to his Complaint, Plaintiff seeks $50,000.00 in compensatory damages and $150,000.00 in punitive damages, plus costs, based on allegations that despite never having

1406612

borrowed money from Defendant, Defendant "negligently, wantonly, and/or intentionally reported false or misleading credit information against the Plaintiff in violation of state and federal law." (Compl. ¶¶ 14, 16, 18.)

3. True and correct copies of "all process, pleadings, and orders served upon" Defendant are attached hereto as Exhibit A in conformity with the dictates of 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

4. This notice of removal is filed within thirty (30) days of the service of the Summons and Complaint on the first-served defendant.

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, and, independently, 28 U.S.C. § 1332(a).

**I. THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION.**

7. 28 U.S.C. § 1331 provides that this court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This court has original jurisdiction of this case under 28 U.S.C. § 1331 because Plaintiff asserts a cause of action against Defendant for its alleged violation of "federal law." (*See* Compl. ¶ 18.)

8. In his Complaint, Plaintiff claims that Defendant "negligently, wantonly, and/or intentionally reported false or misleading credit information against the Plaintiff in violation of state and federal law." (Compl. ¶¶ 14, 16, 18.) Although Plaintiff does not identify his federal cause of action with specificity, it is probably one of the causes of action in the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

9. Therefore, this case is properly removable under 28 U.S.C. § 1441(a).

**II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.**

10. 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States....

11. Because complete diversity exists between Plaintiff and Defendant in this action, no defendant is a citizen of the State of Alabama, and the amount in controversy exceeds $75,000, this action is removable.

**A. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES.**

12. According to Plaintiff's Complaint, Plaintiff is an individual resident citizen of the State of Alabama.

13. CitiFinancial Corporation, LLC is and was at the time Plaintiff filed his Complaint a limited liability company whose sole member is a corporation existing under the

laws of the State of Delaware with its principal place of business in the State of Maryland. Accordingly, CitiFinancial Corporation, LLC is a citizen of the States of Delaware and Maryland for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

14. Since no defendant is a citizen of the same state as any plaintiff, complete diversity exists.

15. Since Defendant is not a citizen of the State of Alabama, where this action was filed, this action is removable under 28 U.S.C. § 1441(b), so long as the amount in controversy requirement for diversity jurisdiction is satisfied.

### B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

16. There is no question that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. As a result of Defendant's purported "negligent, willful, or wanton actions", Plaintiff claims to have suffered injuries and damages including (1) damage to his reputation in his community, (2) loss of good credit standing, (3) costs of seeking and paying legal counsel, (4) having been denied credit at good interest rates, (5) mental anguish, and (6) emotional distress. (Compl. ¶ 9.) Moreover, "Plaintiff demands judgment against the Defendant's [sic] in the amount of $50,000.00 for compensatory damages and $150,000.00 in punitive damages, plus costs." (Compl. ¶¶ 14, 16.) Since Plaintiff demands damages far exceeding the $75,000 jurisdictional threshold, there is no question that 28 U.S.C. § 1332's amount in controversy requirement is satisfied.

### III. ALL OTHER JURISDICTIONAL REQUIREMENTS HAVE BEEN MET.

17. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

18. Defendant has heretofore sought no similar relief.

19.   Written notice of the filing of this notice of removal has been served upon Plaintiff through his counsel of record. A copy of this notice of removal will be filed promptly with the Clerk of the Circuit Court of Crenshaw County, Alabama.

20.   Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

21.   Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Crenshaw County, Alabama, as provided by law.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Crenshaw County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

*/s/ Heath A. Fite*
John R. Chiles (CHI006)
Reid S. Manley (MAN039)
Heath A. Fite (FIT011)

Attorneys for Defendant

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 7th day of November, 2005:

> Jon M. Folmar
> P.O. Box 342
> Luverne, Alabama 36049
> Tel: (334) 335-4809
> Fax: (334) 335-4170

_____
OF COUNSEL

1406612      6