**IN THE UNITED STATES DISTRICT COURT** RECEIVED
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**     2005 NOV -3 P 1: 15

|  |  |  |
|---|---|---|
| JIMMY C. FREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2.05 CU 1078 -T |
| CITIFINANCIAL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CITIFINANCIAL'S ANSWER TO COMPLAINT

**COMES NOW** Defendant CitiFinancial (hereafter "CitiFinancial" or "Defendant"), by and through its undersigned counsel, and in response to Plaintiff's Complaint, hereby states the following:

### FIRST DEFENSE

For its response to the specifically-enumerated paragraphs of Plaintiff's Complaint, Defendant states as follows:

1.     Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

2.     Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

1406987

3.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

4.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

5.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

6.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

7.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

8.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

9.      Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

10.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT TWO

11.    Defendant asserts and adopts by reference all previous responses in Paragraphs 1 through 10 as if fully set out herein.

12.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

14.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.  Furthermore, Defendant denies the prayer for relief in Count One of Plaintiff's Complaint, contests Plaintiff is entitled to any legal or equitable relief, costs, or any other relief and demands strict proof thereof.

## COUNT THREE

15.    Defendant asserts and adopts by reference all previous responses in Paragraphs 1 through 14 as if fully set out herein.

16.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.  Furthermore, Defendant denies the prayer for relief in

Count Two of Plaintiff's Complaint, contests Plaintiff is entitled to any legal or equitable relief, costs, or any other relief and demands strict proof thereof.

## COUNT FOUR

17.    Defendant asserts and adopts by reference all previous responses in Paragraphs 1 through 16 as if fully set out herein.

18.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

19.    Defendant is without sufficient knowledge and information to either affirm or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.  Furthermore, Defendant denies the prayer for relief in Count Three of Plaintiff's Complaint, contests Plaintiff is entitled to any legal or equitable relief, costs, or any other relief and demands strict proof thereof.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

## FIFTH DEFENSE

Plaintiff's claims are barred by laches.

## SIXTH DEFENSE

To the extent not specifically admitted or denied above, Defendant denies each and every material allegation of Plaintiff's Complaint and demands strict proof thereof.

## SEVENTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## EIGHTH DEFENSE

Plaintiff's claims are barred by waiver.

## NINTH DEFENSE

Plaintiff's claims are barred by a valid release.

## TENTH DEFENSE

Plaintiff's claims are barred by estoppel.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by acquiescence and consent.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## THIRTEENTH DEFENSE

Defendant pleads justification.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by ratification.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## SEVENTEENTH DEFENSE

Defendant complied with all applicable codes, standards, and regulations adopted or promulgated by the United States, Alabama or any other state government and any federal or state agency and/or court orders.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata*.

## NINETEENTH DEFENSE

Defendant avers that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## TWENTIETH DEFENSE

Defendant denies that it has committed any conduct that entitled Plaintiff to recover punitive damages.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20.

## TWENTY-SECOND DEFENSE

An award of punitive damages to Plaintiff would violate the United States Constitution and/or the common law and/or the public policies of the United States on the following separate grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates a defendant's rights to due process as guaranteed by the United States Constitution.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

(e)    Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possible in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendant's due process rights.

(g)    Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of punitive damages under Alabama law would violate Defendant's

due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate specific standards and without a necessary relationship to the amount of actual harm caused.

(h)    Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite, and uncertain, and they deprive Defendant of due process of law.

(i)    Plaintiff's claim for punitive damages, and the provision of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendant to be treated differently from other similarly situation persons/entities by subjection Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

(j)    Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the Untied States Constitution.

(k)    Plaintiff's claims for punitive damages, and the provisions of Alabama laws governing the right to recover punitive damages for the determination of punitive damages, expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss cause

by Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(l)  Plaintiff is not entitled to recover punitive damages because such violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

(m)  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(n)  The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o)  The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution or the common law or public policies of Alabama on the separate and several grounds set forth in the defense immediately above.

## TWENTY-FOURTH DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law:

(a)    The standard for an award of punitive damages is so vague, indefinite, and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability;

(b)    The judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages;

(c)    The judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence;

(d)    The judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitations, the residence, wealth, and corporate status of Defendant;

(e)    Defendant may be subjected to punishment based upon the same course of conduct in more than one action;

(f)    The judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state the makes an award of punitive damages permissible; and

(g)    An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## TWENTY-FIFTH DEFENSE

The claims of Plaintiff for punitive damages against Defendant cannot be upheld because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages are barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article 1, § 9 of the United States Constitution.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of the net worth of Defendant in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in Defendant's status rather than in a specific misconduct, and thus, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

## TWENTY-EIGHTH DEFENSE

The claims of Plaintiff for punitive damages against Defendant cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violated the laws of those other states. To do so would violate Defendant's rights under the Alabama Constitution and the United States Constitution.

1406987

11

### TWENTY-NINTH DEFENSE

The claims of Plaintiff for punitive damages against Defendant cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the dues process provisions of the Alabama Constitution.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under *BMS v. Gore*, 116 S. Ct. 1589 (1996), and its progeny, to the extent it considers profits, if any, earned by Defendant other than profits earned in this state that relate to the alleged wrongful conduct at issue.

### THIRTY-FIRST DEFENSE

The claims of Plaintiff for punitive damages against Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### THIRTY-SECOND DEFENSE

The Alabama statute authorizing punitive damages, Ala. Code § 6-11020, is unconstitutionally vague as written, construed, and applied.

### THIRTY-THIRD DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of the Plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to

a speedy trial, would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, §§ 1, 5, 6, 7, 9, 11, 13, and 22 of the Alabama Constitution. These rights will be violated unless Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## THIRTY-FOURTH DEFENSE

Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and the right to forego production and disclosure of incriminating documents.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they violate or contravene the holdings of the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), and its progeny.

## THIRTY-SIXTH DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish Defendant for and deter Defendant from lawful conduct occurring outside the State of Alabama and, hence, violated fundamental and longstanding principles of state sovereignty and community.

1406987

13

## THIRTY-SEVENTH DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish Defendant for lawful conduct occurring outside the State of Alabama and, hence, violates the due process clause of the Fourteenth Amendment as it denies Defendant the fundamental right to fair notice.

## THIRTY-EIGHTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## THIRTY-NINTH DEFENSE

Defendant did not breach any duty or obligation allegedly owed to Plaintiff.

## FORTIETH DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule and the independent tort doctrine, and any duties allegedly owed Plaintiff by Defendant is purely contractual and defined by the terms and conditions of the contracts between the parties.

## FORTY-SECOND DEFENSE

Plaintiff's claims are subject to binding arbitration pursuant to the Federal Arbitration Act ("FAA") and the parties' agreement.

## FORTY-THIRD DEFENSE

Defendant asserts the defenses of improper venue, insufficiency of process, and insufficiency of service of process.

## FORTY-FOURTH DEFENSE

Any acts, statements, representations, or omissions by persons or entities other than Defendant that caused damage to Plaintiff, which Defendant does not concede, were not authorized by Defendant and were not performed or given with actual, implied, or apparent authority of Defendant. Alternatively, Plaintiff is not entitled to recover from Defendant because his damages, if any, were not caused by any act or omission of Defendant or, in the alternative, were caused by acts or omissions of others for which Defendant had no responsibility.

## FORTY-FIFTH DEFENSE

Defendant asserts the defense of truth.

## FORTY-SIXTH DEFENSE

Defendant pleads Plaintiff's contributory negligence cause his alleged damages.

## FORTY-SEVENTH DEFENSE

Some of all of Plaintiff's claims are preempted by the provision of the Fair Credit Reporting Act and/or other federal statutes or regulations.

## FORTY-EIGHTH DEFENSE

Defendant asserts the right to set off for any funds Plaintiff might have received for a settlement with another defendant or otherwise.

## FORTY-NINTH DEFENSE

Defendant denies that Plaintiff is entitled to any of the damages/remedies sought in the Complaint.

Defendant reserves the right to raise other defenses after conducting discovery and investigating the facts and circumstances of this case and to adopt defenses raised by any other defendants added to this lawsuit.

1406987

15

_____
John R. Chiles (CHI006)
Reid S. Manley (MAN039)
Heath A. Fite (FIT011)

Attorneys for Defendant
CITIFINANCIAL CORPORATION LLC

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER TO COMPLAINT has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 7th day of November, 2005:

Jon M. Folmar
P.O. Box 342
Luverne, Alabama 36049
Tel: (334) 335-4809
Fax: (334) 335-4170

_____
Of Counsel

1406987

16